BART M. DAVIS, IDAHO STATE BAR NO. 2696
UNITED STATES ATTORNEY
TARA MALEK, IDAHO STATE BAR NO. 8709
ASSISTANT UNITED STATES ATTORNEY
DISTRICT OF IDAHO
WASHINGTON GROUP PLAZA IV
800 EAST PARK BOULEVARD, SUITE 600
BOISE, ID 83712-7788
TELEPHONE: (208) 334-1211
FACSIMILE: (208) 334-9375

U.S. COURTS

JAN 9 2018

Rcvd_____Filed_____Time_____
STEPHEN W. KENYON
CLERK, DISTRICT OF IDAHO

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>RAUL EFRAIN LOPEZ JR.,<br><br>Defendant. | Case No. CR-18-018-S-EJL<br><br>**INDICTMENT**<br><br>18 U.S.C. § 922(g)(1), 924(d)<br>21 U.S.C. § 841(a)(1), (b)(1)(C), 853<br>28 U.S.C. § 2461(c) |

The Grand Jury charges:

<u>COUNT ONE</u>

**Unlawful Possession of Firearm**
**18 U.S.C. § 922(g)(1)**

On or about November 17, 2017, in the District of Idaho, the defendant, RAUL EFRAIN LOPEZ JR., having been convicted of a crime punishable by imprisonment for a term exceeding one year, that is: Possession of a Controlled Substance, entered on or about November 28, 2012, in case number CR-2012-16153*C, in the Third Judicial District of the State of Idaho, in and for Canyon County, did knowingly possess, in and affecting commerce, firearms, to wit: a

INDICTMENT - 1

Mossberg, Model 835 Ulti-Mag, 12 gauge shotgun, bearing serial number UM555846, and a Hi-Point, Model 995, 9x19mm caliber rifle, bearing serial number E14276 and, a Zastava, Model 59/66, 7.62x39mm rifle, bearing serial number U-679358, said firearms having been shipped and transported in interstate and foreign commerce, in violation of Title 18, United States Code, Section 922(g)(1).

## COUNT TWO

### Possession of a Controlled Substance with Intent to Deliver
### 21 U.S.C. § 841(a)(1), (b)(1)(C)

On or about November 17, 2017, in the District of Idaho, the defendant, RAUL EFRAIN LOPEZ JR., did knowingly and intentionally possess with intent to distribute a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(C).

## CRIMINAL FORFEITURE ALLEGATIONS
### Firearm Forfeiture
### 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c)

Upon conviction of the offenses alleged in Count One of this Indictment, the defendant, RAUL EFRAIN LOPEZ JR., shall forfeit to the United States, any firearms or ammunition involved in or used in the commission of the offense. The property to be forfeited includes, but is not limited to, the following:

1. <u>Seized Property.</u>
    a. Tiffany Enterprises, Model M-70 N-70, 7.62x39mm caliber rifle, bearing serial number TE12-0017;

**INDICTMENT - 2**

  b.  Taurus, Model PT-140 Millenium, .40 S&W caliber pistol, bearing serial number SYL68493;

  c.  Mossberg, Model 835 Ulti-Mag, 12 gauge shotgun, bearing serial number UM555846;

  d.  Hi-Point, Model 995, 9x19mm caliber rifle, bearing serial number E14276;

  e.  Zastava, Model 59/66, 7.62x39mm rifle, bearing serial number U-679358;

  f.  Glock 9mm magazine;

  g.  .40 cal. Magazine;

  h.  Sig Sauer Magazine;

  i.  Two Tarco magazines; and

  j.  Moe 7.62x39 magazine.

## Drug Forfeiture
## 21 U.S.C. § 853

Upon conviction of the offenses alleged in Count Two of this Indictment, the defendant, RAUL EFRAIN LOPEZ JR., shall forfeit to the United States any and all property, real and personal, tangible and intangible, consisting of or derived from any proceeds the said defendant obtained directly or indirectly as a result of the foregoing offense; and any and all property, real and personal, tangible and intangible, used or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the foregoing offenses. The property to be forfeited includes, but is not limited to, the following:

**INDICTMENT - 3**

1. <u>Unrecovered Cash Proceeds and/or Facilitating Property</u>. The defendant obtained and controlled unrecovered proceeds of the offense of conviction, or property derived from or traceable to such proceeds, and property the defendant used to facilitate the offense, but based upon actions of the defendant, the property was transferred, diminished, comingled, or is otherwise unavailable.

<u>Substitute Assets as to all Forfeiture Allegations.</u> Pursuant to 21 U.S.C. § 853(p) and other applicable statutes, the government will seek forfeiture of substitute assets, "or any other property of the defendant" up to the value of the defendant's assets subject to forfeiture. The government will do so when the property subject to forfeiture cannot be forfeited for one or more of the following reasons:

a. Cannot be located upon the exercise of due diligence;

b. Has been transferred or sold to, or deposited with, a third person;

c. Has been placed beyond the jurisdiction of the court;

d. Has been substantially diminished in value; or

e. Has been commingled with other property which cannot be subdivided without difficulty.

**INDICTMENT - 4**

Dated this 9th day of January, 2018.

                              A TRUE BILL

                              */s/ [signature on reverse]*
                              FOREPERSON

BART M. DAVIS
UNITED STATES ATTORNEY
By:

TARA MALEK
ASSISTANT UNITED STATES ATTORNEY

**INDICTMENT - 5**