Revised 03/18

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF IDAHO

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| vs. | ) | **PRESENTENCE INVESTIGATION REPORT** |
| | ) | |
| | ) | Docket No.   0976 1:18CR00018-001 |
| RAUL EFRAIN LOPEZ JR. | ) | |
| | ) | |

**Prepared for:**   The Honorable Edward J. Lodge
Senior United States District Judge

**Prepared by:**   Tiffany Vega
United States Probation Officer
550 West Fort Street, Room 458
Boise, ID 83724-0101
208-334-9110
tiffany_vega@idp.uscourts.gov

**Assistant U.S. Attorney**
Francis Joseph Zebari
800 Park Blvd Ste 600
Boise, ID 83712-9903
(208) 344-1211
frank.zebari@usdoj.gov

**Defense Counsel**
Craig Durham
223 North 6th Street
Suite 325
Boise, ID 83702
(208) 345-5183
chd@fergusondurham.com

**Sentence Date:**   July 10, 2018, 1:30 PM, Boise, Idaho

**Offense:**
**Count 1**:
Unlawful Possession of a Firearm
18 U.S.C. § 922(g)(1)
Not more than 10 years imprisonment/$250,000 fine
(Class C Felony)

**Firearm Forfeiture**:
18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c)

**Release Status:**   Detained: Ada County Jail, Boise, Idaho (02/01/2018)

**Detainers:**   None

**Codefendants:**   None

**Related Cases:**   None

**Date Report Prepared:** May 29, 2018                   **Date Report Revised:**

**Identifying Data:**

| | |
|---|---|
| **Date of Birth:** | January 21, 1982 |
| **Age:** | 36 |
| **Race:** | White, Hispanic origin |
| **Sex:** | Male |
| | |
| **SSN No:** | 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 |
| **FBI No:** | 424907JC7 |
| **USM No:** | 19375-023 |
| **OLN No:** | ID:AA136701I |
| **Other ID No:** | ID90001010, IDOC 78752 |
| **PACTS No:** | 4419163 |
| | |
| **Education:** | Unknown |
| **Dependents:** | 3 (Children) |
| **Citizenship:** | U.S. Citizen |
| **Country of Birth:** | United States |
| **Place of Birth:** | Caldwell, Idaho |
| | |
| **Legal Address:** | 7210 Barrister Drive |
| | Boise, Idaho 83704 |
| | |
| **Alias(es):** | None |



*Restrictions on Use and Redisclosure of Presentence Investigation Report.* Disclosure of this presentence investigation report to the Federal Bureau of Prisons and redisclosure by the Bureau of Prisons is authorized by the United States District Court solely to assist administering the offender's prison sentence (i.e., classification, designation, programming, sentence calculation, pre-release planning, escape apprehension, prison disturbance response, sentence commutation, or pardon) and other limited purposes, including deportation proceedings and federal investigations directly related to terrorist activities. If this presentence investigation report is redisclosed by the Federal Bureau of Prisons upon completion of its sentence administration function, the report must be returned to the Federal Bureau of Prisons or destroyed. It is the policy of the federal judiciary and the Department of Justice that further redisclosure of the presentence investigation report is prohibited without the consent of the sentencing judge.

**PART A. THE OFFENSE**

Charge(s) and Conviction(s)

1. On January 9, 2018, a two count Indictment was filed in the United States District Court for the District of Idaho, naming the defendant, and alleging violations of United States code pertaining to firearms and controlled substances.

2. Count One of the Indictment alleged that on November 17, 2017, the defendant knowingly possessed a Mossberg, Model 835 Ulti-Mag, 12 gauge shotgun, bearing serial number UM555846; a Hi-Point, Model 995, 9x19mm caliber rifle, bearing serial number I15276; and a Zastava, Model 59/66, 7.62x39mm rifle, bearing serial number U-679358. On November 28, 2012, the defendant was convicted of possession of a controlled substance, which is a crime punishable by imprisonment exceeding one year. Shipment and transportation of said firearms affected interstate or foreign commerce in violation of 18 U.S.C. § 922(g)(1) – Unlawful Possession of a Firearm.

3. Count Two of the Indictment alleged that on November 17, 2017, the defendant knowingly and intentionally possessed with intent to distribute a mixture and substance containing methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C) – Possession of a Controlled Substance with Intent to Deliver.

4. A firearm forfeiture alleged that upon conviction of Count One of the Indictment, the defendant shall forfeit any firearms and ammunition involved in the commission of the offense. This included the firearms listed in the Indictment and a Tiffany Enterprises, Model M-70 N-70, 7.62x39mm caliber rifle, bearing serial number TE12-0017; a Taurus, Model PT-140 Millenium, .40 S&W caliber pistol, bearing serial number SYL68493; a Glock 9mm magazine; a .40 caliber magazine; a Sig Sauer Magazine; two Tarco magazines and a Moe 7.62.39 magazine, pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c).

5. A drug forfeiture alleged that upon conviction of Count Two of the Indictment, the defendant shall forfeit any property or proceeds derived from the foregoing offense, pursuant to 21 U.S.C. § 853.

6. On April 12, 2018, the defendant entered a plea of guilty to Count One of the Indictment. The terms of the written plea agreement included the following: 1) the government agreed to the dismissal of the remaining counts of the Indictment; 2) the government agreed to recommend a sentence within the applicable guideline range; 3) the parties agreed that the defendant should be entitled to a reduction in the offense level for acceptance of responsibility; and 4) the defendant agreed not to seek a downward departure or variance without notifying the government in advance.

Pretrial Adjustment Summary

7. The defendant has been confined at the Ada County Jail in Boise, Idaho, without incident since February 1, 2018. While detained, the defendant completed the Substance Abuse Program, which was paid for by the defendant's mother.

The Offense Conduct

8. The following information was provided by the United States Attorney's Office for the District of Idaho, and included investigative material from the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF), and the Nampa Police Department (NPD). It is noted the defendant did not submit any material for consideration as part of the offense conduct.

9. On November 17, 2017, the defendant was encountered by NPD officers during a traffic stop. Initially, the defendant failed to comply with the emergency lights and sirens and swerved his vehicle across the center roadway line; however, he eventually pulled the car to the side of the roadway. Upon approaching the vehicle, two firearms were observed in plain sight in the back seat of the defendant's vehicle. At that time, the defendant was arrested for an outstanding warrant and a narcotic detection canine was taken around the vehicle. After indicating a positive alert to narcotics, a search of the vehicle was conducted.

10. Two loaded magazines were immediately located between the driver's seat and driver's door. Officers then seized the two visible firearms from the backseat, a Mossberg, Model 835 Ulti-Mag, 12 gauge shotgun, bearing serial number UM555846, and a Zastava, Model 59/66, 7.62x39mm rifle, bearing serial number U-679358. Underneath the passenger seat, officers located a Taurus, Model PT-140 Millennium, .40 S&W caliber pistol, bearing serial number SYL68493. In a case behind the driver's seat was approximately 18.3 grams of a mixture of methamphetamine, approximately 100 empty baggies, a digital scale, a drug ledger, and drug paraphernalia. Underneath a pile of clothing in the backseat was a Hi-Point, Model 995, 9x19mm caliber rifle, bearing serial number E14276, and a Tiffany Enterprises, Model M-70 N-70, 7.62x39mm caliber rifle, bearing serial number TE12-0017. From inside the trunk and doors of the vehicles, officers also seized a Glock 9mm magazine, a .40 caliber magazine, a Sig Sauer magazine, two Tarco magazine, a Moe 7.62x39mm magazine, and ammunition. Four of these magazines have the capacity to accept more than 15 rounds of ammunition.

11. During an interview with the defendant, he denied ownership of the firearms, methamphetamine, and drug paraphernalia. The defendant explained he was exchanged the car with another individual and the items were in the car at that time. The defendant acknowledged his knowledge of the firearms in the vehicle. Officers confirmed that on November 28, 2012, the defendant was convicted of possession of a controlled substance, under docket number, CR-2012-16153, Canyon County, Idaho; however, he declined to comment about being prohibited from possessing firearms.

12. Examination of the firearms by ATF, indicated the Model 835 Ulti-Mag was manufactured by O.F. Mossberg & Sons in Connecticut; the Model 995 was manufactured by Yoder Industries in Ohio; the Model 59/66 was manufactured by Zastava Arms in Yugoslavia; the Model PT-140 Millennium was manufactured in Brazil; and the Model M-70 was manufactured in Yugoslavia.

Victim Impact

13. There are no identifiable victims in this offense.

Adjustment for Obstruction of Justice

14. The probation officer has no information indicating the defendant impeded or obstructed justice.

Adjustment for Acceptance of Responsibility

15. The defendant entered a plea of guilty as described above. Thereafter, in the presence of counsel, the defendant was interviewed by the probation officer on May 11, 2018 at the Ada County Jail in Boise, Idaho. Rather than make a statement during the presentence interview, the defendant opted to submit a written statement, which has been submitted to the Court.

16. Based upon the concepts of § 3E1.1, the defendant is viewed as having accepted responsibility for the conduct comprising the conviction.

Offense Level Computation

17. Because the offense occurred on November 17, 2017, the guidelines effective November 1, 2016. Section 1B1.11.

**Count 1**: **Unlawful Possession of a Firearm**

18. **Base Offense Level:** The guideline for 18 § 922(g)(1) offenses is found in § 2K2.1 of the guidelines. That section provides that an offense involving a semiautomatic firearm capable of accepting a large capacity magazine and a defendant who is a prohibited person, has a base offense level of 20. Section 2K2.1(a)(4)(B).  **20**

19. **Specific Offense Characteristics:** If the offense involved at least three but not more than seven firearms, increase by two levels. Section 2K2.1(b)(1)(A).  **+2**

20. **Specific Offense Characteristics:** If the defendant used or possessed any firearm or ammunition in connection with another felony offense; or possessed or transferred any firearm or ammunition with knowledge, intent, or reason to believe that it would be used or possessed in connection with another felony offense, increase by 4 levels. Investigative material

|     |     |     |
| --- | --- | --- |
|     | indicated the defendant was found in possession of five firearms found in close proximity to 18.3 grams of methamphetamine, a digital scale, baggies, and a drug ledger.  Section 2K2.1(b)(6)(B). | **+4** |
| 21. | **Victim Related Adjustment:** None. | **0** |
| 22. | **Adjustment for Role in the Offense:** None. | **0** |
| 23. | **Adjustment for Obstruction of Justice:** None. | **0** |
| 24. | **Adjusted Offense Level (Subtotal):** Twenty-Six. | **26** |
| 25. | **Chapter Four Enhancement:** None. | **0** |
| 26. | **Acceptance of Responsibility:** The defendant clearly demonstrated acceptance of responsibility for the offense. Accordingly, the offense level was decreased by two levels. Section 3E1.1(a). | **-2** |
| 27. | **Acceptance of Responsibility:** The defendant assisted authorities in the investigation or prosecution of the defendant's own misconduct by timely notifying authorities of the intention to enter a plea of guilty. Accordingly, the offense level was decreased by one additional level. Section 3E1.1(b). | **-1** |
| 28. | **Total Offense Level:** Twenty-Three. | **23** |

**PART B. THE DEFENDANT'S CRIMINAL HISTORY**

Juvenile Adjudication(s)

|     | **Date of Referral** | **Charge/Court** | **Date Sentence Imposed/Disposition** | **Guideline** | **Pts** |
| --- | --- | --- | --- | --- | --- |
| 29. | 06/07/1998 (Age 16) | 1) Inattentive Driving 2) Failure to Purchase a Driver's License/ Magistrate Court, Canyon County, ID; Docket No.: CR-1998-4960 | 06/19/1998: 10 days jail (suspended), 2 years probation, $335 | 4A1.2(c)(1) | 0 |

Court records confirmed the above information.

6

| | | | | | |
|---|---|---|---|---|---|
| 30. | 10/02/1998 (Age 16) | Tobacco Use by a Minor/ Magistrate Court, Canyon County, ID; Docket No.: CR-1998-8210 | 10/13/1998: 60 day jail (suspended), 2 years probation, $118 fine | 4A1.2(c)(2) | 0 |

Court records confirmed the above information.

| | | | | | |
|---|---|---|---|---|---|
| 31. | 02/14/1999 (Age 17) | Possession of Alcoholic Beverage by a Minor/ Magistrate Court, Ada County, ID; Docket No.: CR-MD-1999-2099 | 04/14/1999: $138 fine | 4A1.2(c)(2) | 0 |

Court records confirmed the above information.

| | | | | | |
|---|---|---|---|---|---|
| 32. | 06/13/1999 (Age 17) | Driving Without Privileges/ Magistrate Court, Canyon County, ID; Docket No.: Cr-1999-5366 | 06/29/1999: 90 days jail (88 days suspended), 2 years probation, $379 | 4A1.2(c)(1) | 0 |

Court records confirmed the above information.

| | | | | | |
|---|---|---|---|---|---|
| 33. | 08/21/1999 (Age 17) | Possession of Alcoholic Beverage by a Minor/ Magistrate Court, Canyon County, ID; Docket No.: CR-1999-7359 | 09/07/2009: 2 years probation, $64 fine | 4A1.2(c)(2) | 0 |

Court records confirmed the above information.

Adult Criminal Conviction(s)

| | **Date of Arrest** | **Conviction/Court** | **Date Sentence Imposed/Disposition** | **Guideline** | **Pts** |
|---|---|---|---|---|---|
| 34. | 12/29/2000 (Age 18) | Open Container/ Magistrate Court, Canyon County, ID; Docket No.: CR-2001-10 | 03/05/2001: 1 day jail, $114 fine | 4A1.2(c)(1) | 0 |

Court records confirmed the above information.

| | | | | | |
|---|---|---|---|---|---|
| 35. | 12/29/2000 (Age 18) | Possession of Alcoholic Beverage by a Minor/ Magistrate Court, Canyon County, ID; Docket No.: CR2001-9 | 03/05/2001: $114 fine | 4A1.2(c)(2) | 0 |

Court records confirmed the above information. An additional charge of carrying a concealed weapon was dismissed.

| | | | | | |
|---|---|---|---|---|---|
| 36. | 03/27/2004 (Age 22) | Driving Under the Influence/ Magistrate Court, Canyon County, ID; Docket No.: CR-2004-7092 | 07/01/2004: 88 day jail (61 days suspended), 2 years probation, $792 fine | 4A1.2(e)(3) | 0 |

Court records confirmed the above information.

| | | | | | |
|---|---|---|---|---|---|
| 37. | 08/02/2007 (Age 25) | Frequenting Place Where Controlled Substances Used/ Magistrate Court, Canyon County, ID; Docket No.: CR-2007-19263 | 03/10/2008: 90 days jail (86 days suspended), 12 months probation, $176 fine<br><br>05/18/2009: Probation revoked, 86 days jail | 4A1.1(b) | 2 |

Court records confirmed the above information.  The defendant's charge was amended from possession of a controlled substance.

8

| | | | | | |
|---|---|---|---|---|---|
| 38. | 04/08/2008 (Age 26) | Possession of a Controlled Substance/ District Court, Canyon County, ID; Docket No.: CR-2008-10276 | 11/20/2008: 6 years prison (suspended), 180 days retained jurisdiction, $211 fine<br><br>05/01/2009: 5 years probation<br><br>09/28/2009: Probation revoked, 90 days jail, 5 years probation<br><br>12/01/2010: Probation revoked, 365 days retained jurisdiction<br><br>05/06/2011: 4 years probation<br><br>11/15/2012: Probation revoked | 4A1.1(a) | 3 |

The defendant was represented by counsel. Court records confirmed the above information. The defendant was found in possession of methamphetamine. The defendant's probation was violated due to alcohol consumption, new charges, curfew violations, associating with individuals involved in criminal activity, failure to report to the probation officer, and failure to comply with instruction. The defendant's sentence was ordered concurrent with CR-2010-21210 and was satisfied on May 5, 2015. According to

| | | | | | |
|---|---|---|---|---|---|
| 39. | 05/12/2008 (Age 26) | Inattentive Driving/ Magistrate Court, Canyon County, ID; Docket No.: CR-2008-14200 | 07/15/2009: 30 day jail (suspended), 18 months probation, $150 fine | 4A1.1(c) | 1 |

Court records confirmed the above information.

| | | | | | |
|---|---|---|---|---|---|
| 40. | 05/16/2008 (Age 26) | Grand Theft (2 Counts)/ District Court, Ada County, ID; Docket No.: CR-FE-2008-7251 | 11/12/2008: 14 years prison (suspended), 180 day retained jurisdiction, $4,091 restitution<br><br>05/05/2009: 12 years probation<br><br>12/20/2010: Probation revoked, 365 days retained jurisdiction<br><br>05/17/2011: Probation reinstated<br><br>12/18/2012: Probation revoked, 14 years prison<br><br>09/11/2015: Paroled<br><br>11/17/2017: Parole violation, pending | 4A1.1(a) | 3 |

The defendant was represented by counsel. Two additional counts of grand theft and one count of petit theft were dismissed. Court records confirmed the above information. The defendant stole firearms each valued in excess of $1,000. The defendant's probation was violated due to new charges, unauthorized change in residence, failure to report to the probation officer, failure to pay restitution, drug use and alcohol consumption. The defendant's sentence was ordered concurrent with CR-08-10276 and will be satisfied on September 23, 2025.

| | | | | | |
|---|---|---|---|---|---|
| 41. | 07/24/2009 (Age 27) | Driving Under the Influence/ Magistrate Court, Canyon County, ID; Docket No.: CR-2009-25728 | 10/29/2009: 180 days jail (146 days suspended), 2 years probation, $1,193 fine | 4A1.1(c) | 1 |

The defendant was represented by counsel. Court records confirmed the above information. The defendant was encountered by law enforcement, operating a motor vehicle with a breath alcohol content of .102 and .108 percent.

| 42. | 07/24/2010 (Age 28) | Possession of a Controlled Substance/ District Court, Canyon County, ID; Docket No.: CR-2010-21210 | 12/01/2010: 7 years prison (suspended), 365 days retained jurisdiction, $566 fine<br><br>05/12/2011: 4 years probation<br><br>11/15/2012: Probation revoked, 7 years prison<br><br>09/11/2015: Paroled<br><br>11/17/2017: Parole violation, pending | 4A1.1(c) | 1 |

The defendant was represented by counsel. The defendant was found in possession of methamphetamine. Court records confirmed the above information. The defendant's probation was violated due to new charges, alcohol consumption, and drug use. The defendant's sentence was ordered concurrent with CR-2008-10276 and CR-2012-16153 and will be satisfied on February 6, 2019.

| 43. | 06/23/2012 (Age 30) | Possession of a Controlled Substance/ District Court, Canyon County, ID; Docket No.: CR-2012-16153 | 11/15/2012: 7 years prison, $718 fine<br><br>9/11/2015: Paroled<br><br>11/17/2017: Parole violation, pending | 4A1.1(a) | 3 |

The defendant was represented by counsel. Court records confirmed the above information. The defendant was encountered by law enforcement during a traffic stop in possession of methamphetamine. The defendant's probation was violated due to. The defendant's sentence was ordered concurrent with CR-2010-21210 and will be satisfied on October 26, 2019.

| 44. | 12/29/2015 (Age 33) | Driving Under the Influence/ Magistrate Court, Canyon County, ID; Docket No.: CR-2015-24971 | 06/23/2016: 360 days jail (290 days suspended), 2 years probation, $1,000 fine<br><br>01/03/2018: Probation revoked, 320 day jail, $2,0000 | 4A1.1(b) | 2 |

      The defendant was represented by counsel. Court records confirmed the above information. The defendant was encountered by law enforcement operating a motor vehicle with a breath alcohol content of .194 and .193 percent. The defendant's probation was violated due to failure to report to the probation officer, new charges, and failure to complete treatment programs.

| | | | | | |
|---|---|---|---|---|---|
| 45. | 09/26/2016 (Age 34) | Driving Without Privileges/ Magistrate Court, Canyon County, ID; Docket No.: CR-2016-16721 | 01/05/2017: 30 days jail (24 days suspended), 12 months probation, $359 fine | 4A1.2(c)(1) | 0 |

Court records confirmed the above information.

Criminal History Computation

46. The criminal convictions above result in a subtotal criminal history score of 16.

47. The defendant committed the instant offense while under criminal justice sentences under docket numbers CR-2008-7251, CR2010-21210, and CR-2012-16153. Pursuant to § 4A1.1(d), two points were added.

48. The total criminal history score is 18. According to the sentencing table in Chapter 5, Part A, a criminal history score of 13 or more establishes a criminal history category of VI.

Other Criminal Conduct

| | **Date of Arrest** | **Charge** | **Agency** | **Disposition** |
|---|---|---|---|---|
| 49. | 06/02/2005 (Age 23) | Possession of a Controlled Substance; Docket No.: CR-2005-15105 | District Court, Canyon County, ID | 07/26/2005: Withheld Judgement, 25 months probation<br><br>04/10/2007: Dismissed |

Court records confirmed the above information.

Other Arrests

| | Date of Arrest | Charge | Agency | Disposition |
|---|---|---|---|---|
| 50. | 06/02/2005 (Age 23) | 1) Failure to Purchase a Driver's License<br>2) Possession of Drug Paraphernalia | District Court, Canyon County, ID | 07/26/2005: Dismissed |
| 51. | 04/08/2008 (Age 26) | 1) False Information to an Officer<br>2) Possession of Drug Paraphernalia; Docket No.: CR-2008-10243 | District Court, Canyon County, ID | 08/26/2008: Dismissed |
| 52. | 07/24/2010 (Age 28) | 1) Possession of Drug Paraphernalia<br>2) Possession of a Simulated Controlled Substance | District Court, Canyon County, ID | 12/01/2010: Dismissed |
| 53. | 11/17/2017 (Age 35) | 1) Possession of a Controlled Substance (2 Counts)<br>2) Unlawful Possession of a Weapon (5 Counts)<br>3) Possession of Drug Paraphernalia | District Court, Canyon County, ID | 01/12/2018: Dismissed |

These charges comprise the instant offense.

## PART C. OFFENDER CHARACTERISTICS

Personal and Family Data

54. The following information was provided by the defendant during the presentence interview.

55. The defendant was born on January 21, 1982, in Caldwell, Idaho, to the union of Raul Flores Lopez, age 57, and Alicia Vas-Lopez, age 56. The defendant has two siblings, Monica Alicia Lopez, age 35, resides in Boise, Idaho, and Diana Leticia

Lopez, age 31, resides in Nampa, Idaho. Monica Alicia Lopez is currently married to Eric Bustos, age 36.

56. The defendant reported living in Caldwell, Idaho, until the age of 12. At that time, the defendant's parents divorced and he moved to Texas, with his mother. At the age of 14, the defendant's mother returned to Caldwell, Idaho, where he has continued to reside. The defendant's parents were both remarried but the defendant did not report close relationships with either of their spouses. At the age of 18, the defendant's parents remarried each other and live in Nampa, Idaho, today. The defendant advised he has good relationships with his parents although they are disappointed about his current legal status.

57. The defendant recalled memories of his mother working multiple jobs in order to provide for the family. The defendant began working full-time at the age of 16, in order to help provide financial support. The defendant stated this responsibility made him grow up fast. At the age of 21, the defendant had his first child, which increased these expectations of the defendant. The defendant has three children, Efrain Raul Lopez, age 15; Yesenia Lopez, age 11; and Feliz Amor Servantes, age 6. The defendant advised his current incarceration has separated him from his children, which is hard on the defendant because he desires to remain in their life and provide support as they mature. The defendant admitted he is not current on his child support payments but desires to contribute to the cost of clothing, school supplies, and activities in the future. The defendant reported his priority is to establish trust with his children in order to prove they are more important to him than his drug use.

58. When discussing his future, the defendant stated he must take his substance addiction serious and avoid complacency. The defendant reported being "a whole different person" when he is using drugs and this has affected his priorities. The defendant advised that upon release from prison he will return to the family flooring business and stay focused on his family's needs.

Physical Condition

59. The defendant stands approximately 5 feet 2 inches tall, weighs approximately 150 pounds, with brown eyes and black hair. The defendant has multiple tattoos of Aztec symbols on his right arm and chest, a tribal symbol on his left arm and "Lopez" on his back. The defendant did not report a history of chronic medical concerns and is not currently taking medications. The defendant has no known allergies to food or medication.

Mental and Emotional Health

60. The defendant reported no history of mental or emotional problems. During the interview with the probation officer, the defendant displayed no obvious signs of psychological dysfunction. The defendant was oriented as to time, place, and person.

Substance Abuse

61. The defendant reported first using alcohol and marijuana at the age of 12, which was introduced to him by friends. The defendant recalled this started out as something he did only on the weekends but it became more frequent over time. The defendant last used marijuana at the age of 17. The defendant admitted to abusing alcohol and last drank on November 11, 2017. At the age of 15, the defendant began using cocaine on a monthly basis, if he was able to acquire it. The defendant did not report an addiction to cocaine and he last used cocaine on November 16, 2017. The defendant also began using methamphetamine at the age of 15 and quickly developed an addiction. The defendant stated he used "a lot" of methamphetamine on a daily basis and throughout the entire day. The defendant advised he ingested the reported substances through smoking and has never administered drugs intravenously.

62. The defendant advised he successfully completed a Drug Court program in 2005, which was beneficial in teaching him relationship and coping skills. The defendant was sober for approximately three years after completing the program. In 2008 and 2010, the defendant completed substance abuse programming while on retained jurisdiction with the State of Idaho. These were not reported to be beneficial to the defendant's sobriety. In 2015, the defendant successfully completed the therapeutic community program in Idaho Department of Correction custody. The defendant advised this taught him how to manage his life more productively and take responsibility for his actions. The defendant acknowledged he has an "addiction and drug problem." The defendant stated he will utilize all resources made available to him in the future, in order to remain sober.

Educational and Vocational Skills

63. The defendant reported he attended the alternative high school in Caldwell, Idaho, through the eighth grade, but ultimately completed his graduate equivalency diploma in 2008, while in an Idaho Department of Correction prison.

Employment Record

64. The defendant's most significant employment has been working for his father's flooring company, earning approximately $34 per hour. The defendant advised he will return to the family business in the future. The defendant also worked for Nashua Homes for 12 years, where he earned approximately $28,000 per year.

Financial Condition: Ability to Pay

65. The defendant advised he is not current on his child support obligations and does not own financial assets. According to a Transunion credit report, the defendant owes approximately $30,000 in child support and has multiple accounts in collections.

**PART D. SENTENCING OPTIONS**

<u>Custody</u>

66. **Statutory Provisions:** The maximum term of imprisonment is 10 years. 18 U.S.C. § 922(g)(1).

67. **Guideline Provisions:** Based upon a total offense level of 23 and a criminal history category of VI, the guideline imprisonment range is 92 months to 115 months.

<u>Impact of Plea Agreement</u>

68. In exchange for the defendant's plea of guilty to Count One of the Indictment, the government agreed to dismiss the remaining counts; thereby relieving the defendant of the associated statutory penalties.

<u>Supervised Release</u>

69. **Statutory Provisions:** The Court may impose a term of supervised release of not more than three years. 18 U.S.C. § 3583(b)(2).

70. **Guideline Provisions:** Since the offense is a Class C Felony, the guideline range for a term of supervised release is 1 year to 3 years. USSG §5D1.2(a)(2).

71. In addition to the mandatory, standard and special conditions of supervision noted in the Guidelines Manual, the following additional conditions are recommended:

72. The defendant shall submit his or her person, property, house, residence, vehicle, papers, or office, to a search conducted by a United States probation officer. The defendant shall warn any other occupants that the premises may be subject to searches pursuant to this condition.

73. The defendant shall participate in a program of testing and treatment for drug and alcohol abuse, as directed by the probation officer. The cost to be paid by both the defendant and the government based upon the defendant's ability to pay.

74. The defendant shall abstain from the use of alcohol and shall not be present in any location where alcohol is the primary item of sale.

75. The defendant is prohibited from having contact with individuals known to him to be gang members. The defendant is further prohibited from possessing any items representing or showing affiliation with gangs and shall submit to the seizure of any such contraband.

<u>Probation</u>

76. **Statutory Provisions:** The defendant is eligible for not less than one nor more than five years probation because the offense is a Class C Felony. 18 U.S.C. § 3561(c)(1). One of the following must be imposed as a condition of probation unless extraordinary circumstances exist: a fine, restitution, or community service.

77. **Guideline Provisions:** Since the applicable guideline range is in Zone D of the Sentencing Table, the defendant is ineligible for probation. Section 5B1.1, comment.(n.2).

    Fines

78. **Statutory Provisions:** The maximum fine is $250,000. 18 U.S.C. § 3571(b).

79. A special assessment of $100 is mandatory. 18 U.S.C. § 3013.

80. **Guideline Provisions:** The fine range for this offense is from $20,000 to $200,000. Section 5E1.2(c)(3).

81. Costs of prosecution shall be imposed on the defendant as required by statute. USSG §5E1.5. In determining whether to impose a fine and the amount of such fine, the Court shall consider, among other factors, the expected costs to the government of any term of probation, or term of imprisonment and term of supervised release imposed. USSG §5E1.2(d)(7) and 18 U.S.C. § 3572(a)(6). These costs may include drug and alcohol treatment, electronic monitoring, and/or contract confinement costs. The most recent advisory from the Administrative Office of the United States Courts, dated July 13, 2017, provides the following monthly cost data:

    |  | **Bureau of Prisons Facilities** | **Community Correction Centers** | **Supervision by Probation Officer** |
    |---|---|---|---|
    | Daily | $95.00 | $80.00 | $12.00 |
    | Monthly | $2,989.00 | $2,440.00 | $366.00 |
    | Annually | $34,770.00 | $29,280.00 | $4,392.00 |

82. **Statutory Provisions:** The maximum fine is $250,000. 18 U.S.C. § 3571(b).

83. A special assessment of $100 is mandatory. 18 U.S.C. § 3013.

84. **Guideline Provisions:** The fine range for this offense is from $10,000 to $100,000. Section 5E1.2(c)(3).

85. Costs of prosecution shall be imposed on the defendant as required by statute. USSG §5E1.5. In determining whether to impose a fine and the amount of such fine, the Court shall consider, among other factors, the expected costs to the government of any term of probation, or term of imprisonment and term of supervised release imposed. USSG §5E1.2(d)(7) and 18 U.S.C. § 3572(a)(6). These costs may include drug and alcohol treatment, electronic monitoring, and/or

contract confinement costs. The most recent advisory from the Administrative Office of the United States Courts, dated July 13, 2017, provides the following monthly cost data:

|  | **Bureau of Prisons Facilities** | **Community Correction Centers** | **Supervision by Probation Officer** |
|---|---|---|---|
| Daily | $95.00 | $80.00 | $12.00 |
| Monthly | $2,989.00 | $2,440.00 | $366.00 |
| Annually | $34,770.00 | $29,280.00 | $4,392.00 |

Restitution

86. **Statutory Provisions:** Restitution is not applicable in this case. 18 § 3663.

87. **Guideline Provisions:** Restitution is not applicable in this case.

## PART E. FACTORS THAT MAY WARRANT DEPARTURE

88. The probation officer has not identified any factors that would warrant a departure from the applicable sentencing guideline range.

## PART F. FACTORS THAT MAY WARRANT A SENTENCE OUTSIDE OF THE ADVISORY GUIDELINE SYSTEM

89. Presentation of information in this section does not necessarily constitute a recommendation for a sentence outside of the guideline system. However, the guidelines have not taken into consideration the personal history and characteristics of this defendant. The following 18 § 3553(a) factors are present in this case: 1) the defendant's lack of youthful guidance; and 2) the defendant's ongoing addiction to methamphetamine.

Respectfully Submitted,

By: Tiffany Vega
United States Probation Officer

Approved: Brent Flock / tsv

Date: May 29, 2018